IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT LEE TAYLOR, | : | |
| Plaintiff | : | |
| VS. | : | |
| Captain KAREN DOUGLAS, *et al.*, | : | NO. 1:06-CV-12(WLS) |
| Defendant | : | **O R D E R** |

Plaintiff **ROBERT LEE TAYLOR**, an inmate at Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 2). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

*I. BACKGROUND*

Plaintiff appears to allege that defendant Captain Douglas retaliated against plaintiff for filing a lawsuit. Plaintiff alleges that a week after filing the lawsuit, he was forced to remain in an "unclean" shower for 6 hours and that he was ultimately moved to a small "box car" like cell, which he was forced to share with a mental health inmate. According to plaintiff, he has been denied unspecified prison programs, yard, medical, law library privileges, and legal materials.

*II. DISCUSSION*

Upon the initial review of plaintiff's complaint, it is not clear that plaintiff exhausted his

administrative remedies before filing his lawsuit in this Court, as he is required to do under 42 U.S.C. § 1997e(a). Section 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Alexander v Hawk*, 158 F.3d 1321 (11th Cir. 1998) (holding that exhaustion is required even if prisoner seeks only monetary damages).

The Eleventh Circuit Court of Appeals has explained that "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). Before filing a section 1983 complaint in Court, a prisoner must have filed an administrative grievance and received a ruling on the grievance. *Id.* at 1207. Prisoners must not simply initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. *See Booth v. Churner*, 532 U.S. 731, 740 (2001); *Moore v. Smith*, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under section 1997e). The exhaustion requirement is mandatory and cannot be waived even when the grievance process is futile or inadequate. *Alexander*, 158 F.3d at 1325-26.[1]

---

[1] The Eleventh Circuit has identified seven policy reasons underlying the exhaustion requirement: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Alexander*, 159 F.3d at 1327.

The court-provided complaint form contains a section that inquires whether the plaintiff pursued a prisoner grievance procedure. Plaintiff checked no, and in response to the question, "What was the result?", stated "The institution staff refuses to give out grievance forms to the inmates." The Court is unclear as to what plaintiff means by this statement. Due to the enormous volume of prison complaints received by the Court concerning conditions at Calhoun State Prison, the Court is well aware that officials at Calhoun State Prison have provided many inmates with grievance forms. Plaintiff thus does not appear to have alleged exhaustion of all administrative remedies prior to initiating this lawsuit.

If plaintiff wishes to proceed with these case, he is instructed to **SHOW CAUSE** within twenty (20) days why this case should not be dismissed for failing to exhaust administrative remedies as required by law. Specifically, plaintiff is directed to provide additional factual details regarding what steps he has taken to complete the administrative grievance process. This information should include the names of all individuals from whom plaintiff requested grievance forms and the dates of such requests. Should plaintiff fail to respond to this Order to Show Cause, his lawsuit will be subject to immediate dismissal. There shall be **no service of process** until further order of the Court.

SO ORDERED, this 22nd day of February, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE